IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ATM SHAFIQUL KHALID, | § | |
| | § | No. 494, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2024-0443 |
| ELON R. MUSK,; X. CORP.; | § | |
| TWITTER, INC.; X HOLDINGS I, | § | |
| INC.; and X HOLDINGS II, INC., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: January 26, 2026
Decided: February 2, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On December 8, 2025, the appellant, ATM Shafiqul Khalid, filed a notice of appeal from the Court of Chancery's November 5, 2025 order dismissing Khalid's complaint in this matter.  Under Supreme Court Rule 6, the deadline for filing a notice of appeal from the Court of Chancery's order was December 5, 2025.[1]

---

[1] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed in the office of the Clerk of this Court "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken").

The Senior Clerk of this Court issued a notice directing Khalid to show cause why this appeal should not be dismissed as untimely filed.

(2)     In response to the notice, Khalid argues that the appeal is timely because he served and attempted to file the notice of appeal on December 5 and promptly cured the defects in his filing.  Khalid filed the notice of appeal in the Court of Chancery through File&ServeXpress at 10:43 a.m. on Friday December 5, 2025.  The Register in Chancery rejected the filing at 12:14 p.m. and directed Khalid to file with this Court.  At 3:55 p.m. on December 5, Khalid emailed the notice of appeal to the Clerk of this Court.  At 8:51 a.m. on Monday December 8, the Clerk replied to Khalid's email, informing Khalid that the Court does not accept filings by email and that appeals must be filed by mail or in person.  At 10:36 a.m. on December 8, Khalid filed the notice of appeal with this Court through File&ServeXpress.  Khalid contends that emailing his notice of appeal to the Supreme Court Clerk was a "technical" defect; timely service satisfies the jurisdictional requirement; and the appeal should not be dismissed because he acted promptly to cure the defect.  The appellees contend that the appeal is untimely and should be dismissed.

(3)     Title 10, Section 145 of the Delaware Code provides that "[n]o appeal from a final judgment or decree of the Court of Chancery shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or

2

decree."[2]  It is well established that "perfection of the appeal within the statutory period is a necessary condition to this Court's jurisdiction."[3]  Filing shall be made by submitting the notice of appeal through the Court's electronic filing system, in person at the Clerk's office, or by mail to the Clerk's office.[4]  The notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[5]

(4)     An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements.[6]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[7]

---

[2] 10 *Del. C.* § 145; *see also* DEL. SUPR. CT. R. 6(a) (setting forth thirty-day deadline for filing an appeal in a civil case).

[3] *Smith v. State*, 47 A.3d 481, 483 (Del. 2012) (internal quotations and alteration omitted); *see also Gupta v. Citizens Bank*, 341 A.3d 1005, 2025 WL 1576762, at *1 (Del. June 3, 2025) (TABLE) ("The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period."); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989) ("Time is a jurisdictional requirement. Accordingly, this Court has held that when an appeal is not filed within the statutory time period the Court is without jurisdiction to hear the appeal.").

[4] DEL. SUPR. CT. R. 10(a), 10.1(a).

[5] *See id.* R. 10(a) ("All notices of appeal, briefs, appendices, motions or other papers shall be filed with the Clerk of the Court or with a Deputy Clerk in any county during their regular business hours.  Filing by mail in the office of the Clerk of the Court in Dover is permissible, provided that filing shall not be deemed to be complete until the paper has been received in the office of the Clerk.  Filing with a Deputy Clerk in any county shall be deemed to constitute filing for all purposes under these Rules when the paper has been received in the office of such Deputy Clerk during regular business hours.").

[6] *Gupta*, 2025 WL 1576762, at *1.

[7] *Id.* (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

3

(5) Khalid has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel. The fact that he first attempted to file with the Register in Chancery on the last day for filing, rather than with the Clerk of this Court, is not attributable to court-related personnel.[8] Nor is Khalid's decision to email the Clerk of this Court at 3:55 p.m. on the last day of the appeal period, a Friday afternoon, attributable to court personnel.[9] The Court's rules provide that filing shall be perfected through the electronic filing system, in person during regular business hours, or by mail. Moreover, the Clerk notified Khalid within one business hour of his email that filings are not accepted by email, but Khalid had already allowed the jurisdictional appeal period to lapse. The appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[8] *Gerrans v. Sanovas, Inc.*, 327 A.3d 1089, 2024 WL 4362266, at *1 (Del. Sept. 30, 2024) (TABLE); *see also Muhammad v. State*, 326 A.3d 709, 2024 WL 3895324 (Del. Aug. 21, 2024) (TABLE) (dismissing untimely appeal in which the appellant mailed the notice of appeal to the Superior Court Prothonotary, which received it within the applicable time for filing).

[9] *See Pierre-Louis v. M&T Bank*, 171 A.3d 1116, 2017 WL 4286204 (Del. Sept. 26, 2017) (TABLE) (dismissing appeal as untimely where appellant who attempted to file his appeal through File&ServeXpress on the last day of the appeal period reportedly "experienced technical difficulties," and noting that the appellant "is a pro se litigant who under his own version of events waited until the very last day to seek to file his notice of appeal electronically").